664 So.2d 8 (1995)
Betty S. MEARS, Appellant,
v.
SPORTS INFORMATION ENTERPRISES LIMITED, INC., et al., Appellees.
No. 95-88.
District Court of Appeal of Florida, Third District.
September 27, 1995.
Robin L. Kozin, Miami, for appellant.
John D. Maher, Tallahassee, for appellee.
Before NESBITT, BASKIN and JORGENSON, JJ.
PER CURIAM.
The claimant appeals an adverse order of the Unemployment Appeals Commission denying her benefits. She claims that an appeals referee ignored competent and substantial evidence which demonstrates she left her employment for causes attributable to her employer. The referee's finding was affirmed by the full commission.
Claimant was a supervisor of a telephone talk service at the time that heavy competition developed from a competing company. For this reason, business declined and she was informed that her pay, as well as that of other supervisors, would accordingly be decreased and hours adjusted. Shortly before she took a planned vacation, she was asked to train an assistant supervisor. When she *9 returned, she found that she had received another decline in pay. She became anxiety ridden and made inquiry about her future with the company. She received no definitive answer. At one point, she told her supervisor that she would be quitting her job. Soon thereafter, she did just that. Her argument here is that she had a reasonable basis to believe that her employer no longer valued her as a supervisor. The employer's representatives flatly testified to the contrary. The appeal referee's finding that the claimant voluntarily left her employment without good cause attributable to her employer is supported by the record. This is the very type of case in which the appeals referee's assessment of weight and credibility carries the day for one party or the other. Heifetz v. Department of Bus. Reg., 475 So.2d 1277 (Fla. 1st DCA 1984).
Affirmed.